# In the United States Court of Federal Claims

No. 24-1357C
Filed: September 3, 2024
NOT FOR PUBLICATION

---

**LESLIE McKNIGHT,**

                    ***Plaintiff,***

**v.**

**UNITED STATES,**

                    ***Defendant.***

---

**ORDER**

The plaintiff, proceeding *pro se*, filed this action on August 29, 2024. The plaintiff contemporaneously filed a motion for leave to proceed *in forma pauperis*.[1]

The complaint fails to identify a non-frivolous basis for Tucker Act jurisdiction over the plaintiff's claims and is dismissed pursuant to Rules 12(b)(1) and 12(h)(3) of the Rules of the Court of Federal Claims ("RCFC").

Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case. Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). A federal court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). A court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis" for the court to take that action. *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006). At this stage of the case, all the plaintiff's nonfrivolous factual allegations are assumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). Giving a *pro se* litigant's pleadings a liberal construction does not divest the *pro se* plaintiff of the responsibility of demonstrating that the complaint satisfies

---

[1] Based on the information contained in the plaintiff's motion, the plaintiff is eligible to proceed *in forma pauperis*, and the plaintiff's motion for leave to proceed *in forma pauperis* is **GRANTED**.

the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain.  *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

The plaintiff's claim appears to arise from a domestic and custody dispute.  She alleges that the local prosecutor in Carson City, Nevada declined on at least two occasions to charge an individual with domestic abuse or battery or assault, and instead has charged the plaintiff with assault and battery based on false evidence and perjury.  She also alleges that a judge granted custody of her son to his father, who abused him further.  As relief, the plaintiff seeks an order directing the return of her son and the dismissal of pending criminal charges against her.

The plaintiff has a suit pending before Judge Horn raising other claims against non-federal officials seeking relief for alleged constitutional violations.  *McKnight v. United States*, No. 24-808 (Fed. Cl.).  A motion to dismiss remains pending in that case.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act waives the sovereign immunity of the federal government to allow jurisdiction in the Court of Federal Claims if a claim is: "(1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the [United States], or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained," unless arising from a tort.  *Curie v. United States*, 163 Fed. Cl. 791, 799 (2022) (citing, *inter alia, United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009)).

Under the Tucker Act, the Court of Federal Claims does not have jurisdiction over any defendants other than the United States.  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [predecessor to the Court of Federal Claims]").  Accordingly, to the extent a complaint seeks relief from defendants other than the United States, the Court of Federal Claims lacks jurisdiction to consider those claims, and the complaint must be dismissed against any defendants other than the United States for lack of jurisdiction.

The plaintiff's complaint names the United States as the defendant but fails to identify any claim against the United States.  There is no allegation that the plaintiff has a contract with the United States, that the United States took the plaintiff's property, that the United States has failed to pay the plaintiff, or that the United States has illegally exacted funds from the plaintiff.  The complaint is opaque as to the basis for any claim against the United States founded on a

money-mandating provision of law.  In short, the plaintiff alleges no conduct by the United States that caused her any injury.

The plaintiff's allegations are against a local prosecutor in Nevada and local judges who have apparently entered custody orders in a domestic dispute.  For relief, the plaintiff seeks only equitable relief (an injunction or order to state officials and judges), not money damages.  Under 28 U.S.C. § 1491(a), the Court of Federal Claims generally lacks authority to award equitable relief, except in connection with an award of money damages.

In the absence of any basis for imposing monetary liability on the United States, the Court of Federal Claims lacks jurisdiction over the plaintiff's claim, and the complaint must be dismissed.  RCFC 12(b)(1) and 12(h)(3).

Before dismissing a complaint for lack of jurisdiction, 28 U.S.C. § 1631 requires the court to consider whether to transfer the case to a federal court that could properly exercise jurisdiction.  Although the complaint identifies the location of one putative defendant, the local prosecutor in Carson City, Nevada, it does not allege the location of the judge who allegedly entered an improper custody order, and the plaintiff lives in Roanoke, Virginia.  Because the allegations against the local prosecutor appear to challenge the exercise of prosecutorial discretion and appear to have been filed while criminal charges against the plaintiff remain pending, they likely either fail to state a claim on which relief can be granted or are premature.  *See Younger v. Harris*, 401 U.S. 37, 53 (1971) (describing "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions"); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed").

In either case, transfer to another federal court is not in the interest of justice.

Even construed liberally, the complaint fails to state a plausible claim for relief within the limited jurisdiction of the Court of Federal Claims and is frivolous.  Accordingly, the complaint is **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and 12(h)(3).  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**